

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~JOHN ESTER SHEPPERD~~
ATTORNEY GENERAL

Honorable Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion Number 0-2920
Re: Validity of a road district
which includes a previously
created road district and the
effect of such creation upon
the district overlapped.

We have your letter of November 22, requesting our opinion on the question arising out of the following state of facts:

"The Commissioners' Court of Cameron County, Texas, by authority of Article 752c, Revised Civil Statutes of Texas, 1925, created Cameron County Road District #1 during the month of October, incorporating therein the City of Brownsville and some surrounding territory. Based upon a petition signed by the requisite number of resident property taxpaying voters of said district, and after the notice required by law in Article 752d, a hearing was had thereon on November 6, 1940, under Article 752e, and the Commissioners' Court then ordered a bond election for December 7, 1940, of $365,000. Upon said November 6, 1940, a group of citizens appeared before the Commissioners' Court of this County and requested that a second district, to be called Cameron County Road District "A" be created, which said District would include all of Road District One and some additional territory to the West thereof, and, upon the petition of the requisite number of resident property taxpaying voters, an order was entered for a hearing to determine whether or not a bond election in said Road District "A" should be held. The proponents of Road District "A" agree that if the bond election of Road District One, on December 7, carries, the said Road District "A" should be cancelled and nothing further done therewith. However, if the said bond election of Road District One fails to carry, the proponents of said Road District "A" hope to be able to carry their said election. Proponents of each district hope that whichever bond election carries, the State Highway Department will designate

the proposed road as a State Highway and that the bonds issued thereunder will participate under the one cent gasoline tax of House Bill 688, 46th Legislature, Regular Session, Chapter 3, page 582, so that the bonds of either district must have been voted and issued by January 1, 194], hence, time is of the essence."

The legal question arising from the foregoing and upon which our opinion is requested is:

"Whether a road district within a county may be created which includes a previously created road district, and particularly whether the creation of said two districts, as hereinabove set out, would invalidate the bond issue of either."

Assuming for the purposes of this opinion that the steps taken in the creation of Road District Number One above mentioned, were legally and properly carried out, it must be conceded that Road District Number One was legally and validly established.

Article 752cc reads, in part, as follows:

"But except as herein specifically permitted no fractional part of a previously created road district shall be included within the limit of the road district created under the provisions of this Act, . . ."

In our opinion this article precludes the creation of Road District "A" mentioned in your letter. Further, it is our opinion that the creation of Road District "A" can in nowise affect the validity of Road District One, inasmuch as Road District Number One was previously created. The prohibition contained in Article 752cc is against the subsequent creation of a road district, the territory of which would overlap that of a road district previously created, and can, therefore, have no effect on such previously created district.

The exception mentioned in the above quoted article has reference to the compensation bond statutes, Articles 767d, et seq., and is not pertinent to the situation in the instant matter.

The proceedings had in connection with the creation of Road District "A" being prohibited by law, we think void ab initio, and you are so advised.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/ Clarence E. Crowe
      Clarence E. Crowe
                    Assistant

APPROVED DEC 20, 1940
Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL
CEC-s:egw